**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
*Peter Albrecht*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ALBRECHT, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>HOMEADVISOR, INC. d/b/a HOMEADVISOR.COM, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. PETER ALBRECHT ("Plaintiff" or "Mr. Albrecht") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant HOMEADVISOR, INC. d/b/a HOMEADVISOR.COM, INC. ("Defendant" or "HomeAdvisor"), in negligently and/or willfully contacting Plaintiff on Plaintiff's telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), specifically, the National Do-Not-Call provisions of 47 C.F.R. 64.1200(c), thereby invading Plaintiff's privacy.

2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

3. According to the Federal Communications Commission's website, https://www.fcc.gov/general/do-not-call, accessed on April 1, 2019:

   > Working with the Federal Trade Commission, the [FCC] developed the national Do Not Call Registry, which applies to all telemarketers and covers interstate and intrastate telemarketing calls. Commercial telemarketers are not allowed to call you if your number is on the registry, subject to certain exceptions.

4. According to the FTC, https://www.consumer.ftc.gov/articles/0133-cell-phones-and-do-not-call-registry, accessed on April 1, 2019:

   > The Do Not Call Registry accepts registrations from both cell phones and land lines . . . Once registered, a telephone number stays on the Do Not Call Registry until the registration is canceled or service for the number is discontinued.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(c).

6. Personal jurisdiction is established and venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because:
    a. a substantial part of the events giving rise to the claim occurred within this district;
    b. Plaintiff received several allegedly unlawful calls while residing in the County of Orange within the State of California;
    c. Defendant regularly conducts business throughout the State of California;
    d. Defendant placed several calls to Plaintiff while Plaintiff was in the State of California, and Plaintiff has a California area code.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation whose corporate headquarters is in Colorado, and is incorporated within Delaware.

9. Defendant, is and at all times mentioned herein were a "person," as defined by 47 U.S.C. § 153(39).

10. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Orange, and within this judicial district.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## FACTUAL ALLEGATIONS

11. Mr. Albrecht has never had any business relationship with Defendant.

12. Mr. Albrecht's landline telephone number ending "8750" was added to the National Do-Not-Call Registry in the year 2003.

13. On or about August 14, 2018, Plaintiff received a call on his "8750" landline from the telephone number (714) 853-6668.

14. The individual on the line stated that her name was Rebecca and that she was with HomeAdvisor. Rebecca claimed that Mr. Albrecht had submitted a request 2 weeks ago for an air conditioner to be installed. Mr. Albrecht was not interested in an air conditioner, and did not submit this request as claimed.

15. Desiring that Plaintiff not receive any further calls, Mr. Albrecht stated to the HomeAdvisor representative that his telephone number is on the Do Not Call Registry; that he should be put on HomeAdvisor's inhouse Do Not Call list; and requested that he not receives any calls from HomeAdvisor ever again.

16. However, despite this clear request for calls to cease, on or about September 25, 2018, Mr. Albrecht received a call on his "8750" landline from Vinyl Window Broker at (714) 686-4315, who stated that they received Mr. Albrecht's name and contact information as a lead from HomeAdvisor. Mr. Albrecht notified this individual that he did not contact HomeAdvisor about windows.

17. After explaining these issues with his "lead", Vinyl Window Broker employee stated that he was going to request a credit from HomeAdvisor for giving him a bad lead.

18. On or about October 1, 2018, Mr. Albrecht received a call on his "8750" landline from the telephone number (714) 477-0747. The individual on the line stated that her name was Chanelle and that she was with HomeAdvisor.

She stated that she was making a courtesy call regarding Mr. Albrecht's "service request" on his windows.

19. To date, Mr. Albrecht has never made a windows request with HomeAdvisor.

20. Mr. Albrecht again stated to the representative for HomeAdvisor that he was on the Do Not Call Registry and that he wanted to never receive a call from HomeAdvisor again.

21. Between approximately August 14, 2017 and January 30, 2019, Plaintiff has received numerous calls from several different home improvement companies stating that these companies had received Mr. Albrecht's information from HomeAdvisor as leads.

22. Often times these entities would state they had an email address for Mr. Albrecht; however, the email address was always incorrect. These entities would state that the email address was obtained from HomeAdvisor.

23. Upon information and belief, HomeAdvisor pulls consumer information from unknown sources and manufactures contact information, such as emails for consumers.

24. Upon information and belief, HomeAdvisor then sells consumers' information to entities as "leads," regardless of whether the individual is on the Do Not Call Registry.

25. Upon information and belief, in addition to sending the purported "leads" out to be called, HomeAdvisor itself will call individuals to match them with other businesses in an attempt to satisfy their "home improvement needs."

26. Defendant's calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200, as they were an attempt to promote or sell Defendant's services.

27. Plaintiff has received at least two solicitation calls from Defendant within a 12-month period.

28. Plaintiff did not provide Defendant with his landline telephone number at

any point in time, nor did he give express consent or permission for Defendants to call Plaintiff.

29. Plaintiff's request for Defendant to stop calling Plaintiff terminated any prior consent or permission that Defendant may have had to call Plaintiff for marketing or solicitation purposes.

30. Plaintiff's repeated requests for Defendant to stop calling Plaintiff terminated any established business relationship that may have existed between Plaintiff and Defendant pursuant to 47 CFR § 64.1200(f)(5)(i).

31. Plaintiff did not give Defendant prior express written consent or permission for Defendant to call Plaintiff's landline telephone for marketing or solicitations purposes.

32. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

33. Frustrated with the Defendant's actions, on or about January, 31, 2019, Plaintiff requested via certified mail that Defendant produce its internal Do Not Call policy under 47 CFR § 64.1200, if any. To date, Plaintiff has not receive a response from Defendant in that regard.

34. Upon information and belief, at all relevant times, Defendant failed to regularly check the National-Do-Not-Call Registry for phone numbers of individuals who have expressed a desire not to received unsolicited calls.

35. Upon information and belief, at all relevant times, Defendant failed to document and/or honor requests by consumers not to be called within a reasonable amount of time.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

37. Plaintiff represents, and is each a member of, the Class, consisting of:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by or on behalf of Defendant and/or their agents and/or their employees for the purpose of promoting Defendant's products or services, within four years prior to the filing of the Complaint.

38. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

39. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the Class members were damaged thereby.

40. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records and the National Do-Not-Call Registry.

42. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one solicitation call to the members of the Class whose telephone numbers were on the National Do-Not-Call Registry and who did not have an established business relationship with Defendant;

    b. Whether Defendant obtained prior express invitation or permission to place solicitation calls to the telephone number of the Plaintiff or the Class members;

    c. Whether Defendant continued to call telephone numbers of persons that had requested Defendant stop calling those telephone numbers;

    d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    e. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

43. Plaintiff is asserting claims that are typical of the Class. First, Plaintiff is a person that received more than one live solicitation calls from Defendant within a 12-month period, who did not have an established business relationship with the Defendant. Furthermore, Plaintiff did not provide Defendant with prior express invitation or permission to receive calls, and Plaintiff's telephone numbers were registered on the National Do-Not-Call Registry. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

44. Plaintiff and the members of the Class have all suffered irreparable harm as

a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

45. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

46. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

47. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *ET SEQ.*

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

50. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*,

Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

51. Plaintiff and the Class are also entitled to and do seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, *ET SEQ*.

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

54. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

55. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA

56. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5);

57. Pursuant to 47 U.S.C. § 227(c)(5)(A), a temporary and permanent injunction prohibiting the unlawful conduct in the future;

58. Costs of suit;

59. Pre-judgment and post-judgment interest;

60. Reasonable attorneys' fees pursuant to the common fund doctrine;

61. Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATIONS OF THE TCPA**

62. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5);

63. Pursuant to 47 U.S.C. § 227(c)(5)(A), a temporary and permanent injunction prohibiting the unlawful conduct in the future;

64. Pre-judgment and post-judgment interest;

65. Costs of suit;

66. Reasonable attorneys' fees pursuant to the common fund doctrine;

67. Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

68. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 1, 2019

**KAZEROUNI LAW GROUP, APC**

BY: /s/ JASON A. IBEY
    Jason A. Ibey, Esq.
    jason@kazlg.com
    *Attorneys for Plaintiff*