**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ALBRECHT, Individually and on Behalf of All Other Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOMEADVISOR, INC. d/b/a HOMEADVISOR.COM, INC.,<br><br>Defendant. | Case No. 8:19-cv-00809-JLS-KES<br><br>**JOINT STIPULATION TO DISMISS** |

    Plaintiff Peter Albrecht ("Plaintiff"), and HomeAdvisor, Inc. d/b/a HomeAdvisor.com, Inc. ("Defendant") (together the "Parties"), by and through their respective counsel of record in the above-entitled action, hereby stipulate and agree that the action may be dismissed in its entirety pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), with prejudice as to Plaintiff's individual claims and without prejudice as to the claims of the putative class members, with each party bearing their own fees and costs.

    Dismissal without prejudice as to the putative class members at this early stage of the proceeding is warranted in light of the factors articulated in *Diaz v. Trust*

*Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989), and without notice to the putative class. *See id.* at 1408 ("The court's duty to inquire into a settlement or dismissal differs before and after certification. Before certification, the dismissal is not res judicata against the absent class members and the court does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class.") (citation omitted); *Singh v. Pizza Hut of America, Inc.*, No. CV02-0963C, 2002 U.S. Dist. LEXIS 26350 (W.D. Wash. July 26, 2002) (approving voluntary dismissal of named plaintiffs' claims with prejudice, without notice to absent class members and without prejudice as to their claims); *Kas v. Chevron Corp.*, Civ. No. C-89-4335-SC, Civ. No. C-89-4413-SC, 1992 U.S. Dist. LEXIS 13635, at *1 (N.D. Cal. Aug. 20, 1992) (approving voluntary dismissal of class absent notice to class); *Tepper v. Western Inv. Real Estate Trust*, No. 92-2746 JPV, 1993 U.S. Dist. LEXIS 2148, at *1 (N.D. Cal. Feb. 23, 1993) (approving voluntary dismissal of class without notice); *Johnson v. Peters Truck Lines*, No. C-91-3809-JPV, 1993 U.S. Dist. LEXIS 3928, at *1 (N.D. Cal. Mar. 22, 1993) (approving voluntary dismissal of class action without notice); *Robbins v. Hometown Buffet, Inc.*, Case No. 94-1655-J (BTM), 1995 U.S. Dist. LEXIS 17870 (S.D. Cal. Mar. 15, 1995) (granting parties' request for voluntary dismissal without prejudice without notice to putative class members).

"Rule 23(e) does not require notice of precertification dismissal except where the court concludes that such notice is necessary for one or more of the following reasons: (1) to protect defendants by preventing plaintiffs from appending class allegations merely to obtain a more favorable settlement; (2) to protect the class from objectionable structural relief for depletion of funds available to pay class claims, e.g., through collusive settlement; (3) to protect the class from prejudice based on their reliance on the filing or pendency of the action." *Hockert Pressman & Flohr*

*Money Purchase Plan v. American President Cos.*, No. C94 1449 CAL, 1995 U.S. Dist. LEXIS 17608, at *1-2 (N.D. Cal. Nov. 20, 1995) (citations omitted).

    Here, none of the concerns raised by Fed. R. Civ. P. 23(e) is applicable in this action. Defendant agrees that it would not be prejudiced by lack of a notice to the putative class of the requested pre-certification dismissal. The effectiveness of this Stipulation is dependent upon Court approval of the voluntary dismissal of the instant action with prejudice as to named plaintiff pursuant to a confidential settlement agreement,[1] without prejudice as to absent members of the putative class, and without notice to the putative class. The Parties agree that each party and their counsel has complied with each requirement of Fed. R. Civ. P. 11 as to any pleadings filed in this case. Moreover, the action is in its infancy, having been filed on May 1, 2019, and dismissal is sought prior to the issuance of a case management order pursuant to Fed. R. Civ. P. 16(b). Lastly, there is a 4-year statute of limitations for the Telephone Consumer Protection Act claims at issue, *see Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. June 18, 2015) ("The TCPA has a four-year statute of limitations.")

**IT IS SO STIPULATED.**

                                              Respectfully submitted,

Dated: November 25, 2019        KAZEROUNI LAW GROUP, APC

                                              By /s/ Jason A. Ibey
                                                  Jason A. Ibey
                                                  Attorneys for Plaintiff
                                                  Peter Albrecht

---

[1] In accordance with Chamber Rule 19, the Parties submitted their confidential individual settlement agreement to Chamber's email on November 14, 2019.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: November 22, 2019 | MORGAN, LEWIS & BOCKIUS LLP<br>Joseph Duffy<br>Jordan McCrary |
| 3 | | |
| 4 | | |
| 5 | | By _____<br>Jordan McCrary<br>Attorneys for Defendant<br>HOMEADVISOR, INC. |
| 6 | | |